UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                Case No. 8:18-bk-06760-CPM
                                                                      Chapter 7
Lois Mae Wright

       Debtor.
_____/

**CHAPTER 7 TRUSTEE'S APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND WEICHERT, REALTORS – EQUITY TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §§327, 328 AND 330**

Carolyn R. Chaney, as Chapter 7 Trustee (the "Trustee") for the above-referenced debtor(s) (the "Debtor"), files this Application for entry of an order authorizing retention of (1) BK Global Real Estate Services ("BKRES") and (2) Weichert, Realtors – Equity ("Listing Agent"). In support thereof, the Trustee respectfully states as follows:

*PRELIMINARY STATEMENT*

The Trustee requests approval to retain BKRES and Weichert, Realtors – Equity at no cost to the estate, to negotiate with and persuade the first lien holder on certain real property in which the estate has possible equity to (1) allow Trustee to sell such property at the highest price that the market will bear, (2) waive the resulting deficiency claim, if any and (3) pay a 11 U.S.C. §506 surcharge to provide a carve out for the benefit of the estate and pay all other sale expenses, including a 6% brokerage commission that will be shared equally by BKRES and Listing Agent only upon the closing of a sale that is approved by this Court.

BKRES and its affiliates have proprietary technology and a national team of experienced loan servicing specialists, asset managers, negotiators, trustee relation managers, real estate

brokers and agents, closing specialists and attorneys with extensive experience in procuring the consent of mortgage lenders and servicers to sell over-encumbered properties and provide significant cash recoveries to selling estates with no equity, through the Consented Sale™ process described herein.

BKRES and Listing Agent will not be entitled to any compensation from the estate whatsoever under any circumstances. They will only receive and share a customary brokerage commission that is paid by secured creditor as a 11 U.S.C. §506 surcharge approved by this Court.

The Trustee (1) believes that hiring BKRES and Listing Agent to pursue a Consented Sale™ will likely result in secured creditor paying a carve out for the benefit of the estate with proceeds from the public sale of an asset in which the estate has no equity and (2) expects to obtain Secured Creditor's agreement to a Consented Sale™, and bring a separate motion seeking this Court's approval of the procedures, terms and conditions by which the over-encumbered property will be sold, within the coming months.

## JURISDICTION

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND

3. On August 14, 2018, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

4. Thereafter, Carolyn R. Chaney was appointed as the Chapter 7 Trustee in this case.

5.  The Trustee held and concluded the 341 meeting on September 13, 2018.

6.  The Debtor owns real property located at 1225 Melrose Avenue South, St. Petersburg, FL 33705 (the "Property").

7.  The Debtor scheduled the Property with a value of $75,000.00. The Property is subject to a first mortgage lien (the "Senior Mortgage") in favor of Wells Fargo Home Mortgage in the approximate amount of $69,361.00 (collectively, the "Secured Creditor").

8.  The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BKRES and Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to do the following, with the proviso that the hired professionals, BKRES or Local Agent, shall not participate in the sale and purchase of any estate property except as hired brokers:

   a. sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

   b. release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

   c. If the Property is sold to a third party, agree to a 11 U.S.C. §506 surcharge to pay all the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a carveout for the

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

    benefit of allowed unsecured creditors of the Debtors' estate;

    d. If Secured Creditor purchases property, agree to a 11 U.S.C. §506 surcharge to pay all the expenses associated with the proposed sale, including the payment of a 2% real estate brokerage commission to BKRES, of which a $500.00 fee will be paid to Listing Agent, and provide a carveout for the benefit of allowed unsecured creditors of the Debtor's estate.

9. Trustee expects BKRES and Listing Agent to obtain Secured Creditor's Consent and bring a separate motion seeking an order approving the sale of the Property (the "Motion to Approve Sale") within several months of the entry of the order sought by this Application.

10. By this Application, the Trustee requests authority pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code to (a) retain BKRES and Listing Agent to procure Secured Creditor's Consent, and (b) approve Secured Creditor's payment of the fees described above directly to BKRES and Listing Agent at closing of the sale of the Property, if and when the Motion to Approve Sale is granted.

*APPLICATION*

11. Section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327...on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage or fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 330 of the Bankruptcy Code permits the Court to "award to a trustee… or a professional person employed under section 327…(A) reasonable compensation for actual, necessary services rendered [by such party]… and (B) reimbursement for actual, necessary expenses." 11 U.S.C. §330(a)(1).

12. BKRES[2] and Listing Agent have extensive experience obtaining the consent and agreement of mortgage lenders and servicers to the sale of their collateral and resolution of any resulting unsecured claims in order to produce a recovery for estates from over-encumbered assets in which the estate has no equity.

13. The Trustee believes that the highest and best value for the Property will be generated through a sale in which the Property is widely marketed to the public and offered at the highest price that the market will bear. The Trustee further believes that such a sale is in the best interest of the Debtors' estate, but can only be achieved if Secured Creditor's Consent is first obtained. The Trustee believes that retaining BKRES and Listing Agent to obtain Secured Creditor's Consent is in the best interests of the Debtors' estate.

14. In no event will the estate have any obligation to pay BKRES or Listing Agent. The terms of the BKRES Agreement and Listing Agreement provide that BKRES and Listing Agent are only entitled to payment if and when (a) Secured Creditor grants its Consent, (b) the Motion to Approve Sale is granted and (c) the Property is sold, in which event BKRES and Listing Agent will receive and share a 6% real estate brokerage commission at closing in accordance with the order approving the sale.

15. BKRES and Listing Agent will not be entitled to any fees if Secured Creditor does not grant its Consent or the Court does not grant the Motion to Approve Sale.

16. The Trustee submits that the terms of employment and compensation as set out in the BKRES Agreement and listing agreement are reasonable in light of the extensive experience of BKRES and Listing Agent and the nature of the services they provide.

---

[2] BKRES is the broker affiliate of BK Global (http://www.bkginc.com/).

17. BKRES attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as *Exhibit A* is an Affidavit of Disinterestedness of BKRES. BKRES also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than Listing Agent.

18. Listing Agent attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as *Exhibit B* is an Affidavit of Disinterestedness of Listing Agent. Listing Agent also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than BKRES.

## CONCLUSION

For the foregoing and all other necessary and proper purposes, the Trustee seeks the Court's authority to retain BKRES and Listing Agent in this case, and requests that the Court approve the compensation arrangements set forth in the BKRES Agreement and Listing Agreement pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code.

DATED: October 10, 2018.

/s/Carolyn R. Chaney, Trustee
Post Office Box 530248
St. Petersburg, FL  33747-0248
Telephone:  (727) 864-9851
Email: carolyn.chaney@earthlink.net

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing Application has been provided by electronic or U.S. Mail delivery on October 10, 2018, to:

Office of U.S. Trustee, USTPRegion21.TP.ECF@USDOJ.GOV

Debtor: Lois Mae Wright, 1830 30th Avenue North, St. Petersburg, FL 33713

Attorney for Debtor: Robert M. Geller, Esquire, 807 W. Azeele Sreet, Tampa, FL 33606; Email: rmgbk@verizon.net

Wells Fargo Home Mortgage, Attn: Bankruptcy Mac X7801-014, 3476 Stateview Blvd., Fort Mill, SC 29715

Elizabeth Eckhart, Esquire, Shapiro, Fishman & Gache, LLP, Attorney for Secured Creditor, 4630 Woodland Corporate Blvd., Suite 100, Tampa, FL 33614; Email: eeckhart@logs.com

Patrick Butler, BK Global Real Estate Services, 1095 Broken Sound Pkwy. NW, Suite 100, Boca Raton, FL 33487

Alexandra Gonzalez, Weichert, Realtors – Equity, 6500 1st Ave. North, St. Petersburg, FL 33710.

                                                  /s/Carolyn R. Chaney, Trustee